José Luis López Muñoz, Evelyn Andino Ceballos et al., demandantes y peticionarios, *v.* Hon. Carlos Vizcarrondo, Presidente de la Cámara de Representantes de Puerto Rico, Néstor R. Duprey Salgado, Secretario de la Cámara de Representantes de Puerto Rico, y Oscar San Antonio, Sargento de Armas de la Cámara de Representantes de Puerto Rico, demandados y recurridos.

*Número:* CC-2003-280          *Resuelto:* 23 de abril de 2003

*Nicolás Nogueras Cartagenas*, abogado de la parte peticionaria; *Luis R. Vega Ramos* y *José A. Carlo Rodríguez*, abogados de la parte recurrida.

PER CURIAM: El Sr. José Luis López Muñoz recurre ante nos y solicita que revoquemos la sentencia del Tribunal de Circuito de Apelaciones, que resolvió que el término de quince días que establece el Art. 207(2) del Código Político, 3 L.P.R.A. sec. 555, para retirar la renuncia a un escaño en la Asamblea Legislativa, comienza a transcurrir en la fecha en que ésta se presenta al Presidente del cuerpo legislativo correspondiente. Por entender que dicho término comienza a transcurrir a partir de la presentación de la renuncia y no desde la fecha en que el legislador notificó que ésta sería efectiva, confirmamos tanto la sentencia del Tribunal de Circuito de Apelaciones como la del Tribunal de Primera Instancia.

I

José Luis López Muñoz (en adelante señor López) fue electo como Representante del Precinto I de San Juan para la Cámara de Representantes en las elecciones de 2000. Luego de dos años de ejercer su cargo, el 6 de diciembre de 2002 el señor López envió una comunicación al Presidente del cuerpo legislativo, Hon. Carlos Vizcarrondo (en adelante el Presidente de la Cámara) en la que le notificó su "decisión irrevocable de renunciar" a su puesto en la Cámara. Indicó que sería efectiva el 15 de enero de 2003. Inmediatamente después de recibir la carta, el Presidente de la Cámara envió copia de ésta al Sr. Néstor Duprey Salgado, Secretario de la Cámara de Representantes, para que tomara las acciones pertinentes. Ese mismo día, el 6 de diciembre de 2002, se le informó a los otros representantes de la Cámara sobre la renuncia presentada por el señor López.

Sin embargo, el 10 de enero de 2003 el señor López cursó otra comunicación al Presidente de la Cámara en la

que le informaba que retiraba la renuncia. En vista de esto, el 13 de enero de 2003 el Presidente de la Cámara determinó que, según lo dispuesto en el Art. 207(2) del Código Político, *supra*, el señor López tuvo quince días a partir de la fecha de haber presentado la renuncia para retirarla, y ese término había vencido el 21 de diciembre de 2002. Por esta razón, la renuncia se había convertido en irrevocable y el señor López cesaría en sus funciones el 15 de enero de 2003, tal como lo había dispuesto en su renuncia.

Debido a que no estaba de acuerdo con dicha decisión, el señor López presentó ante el Tribunal de Primera Instancia una demanda en la que solicitó un *mandamus*, un *injunction* y una sentencia declaratoria. Cuestionó, entre otras cosas, la interpretación del Art. 207(2) del Código Político, *supra*, hecha por el Presidente de la Cámara en cuanto a que el término de quince días que concede la ley para que un legislador retire la renuncia comienza a transcurrir en el momento en que ésta se presenta y no al momento en que es efectiva. Argumentó que en los casos en que la renuncia tenía efectividad en fecha posterior a la fecha de presentación, el término de quince días comenzaba a transcurrir a partir de la fecha de efectividad de ésta.

Luego de celebrada una vista, el Tribunal de Primera Instancia declaró sin lugar la demanda. Dicho foro concluyó que el término de quince días establecido por el Art. 207(2), *supra*,

> ... comienza a decursar en la fecha de "presentación" de la renuncia, esto es, la fecha en que el legislador notificó al Presidente del cuerpo legislativo correspondiente su carta de renuncia. Apéndice, pág. 51.

Además, determinó que

> [e]l Art. 207(2) no contempla las renuncias con carácter prospectivo, por lo que aún cuando al codemandante López Muñoz

se le haya permitido ese privilegio, no puede alterar los térmi-
nos de la ley. Apéndice, pág. 52.

Inconforme, el señor López acudió ante el Tribunal de
Circuito de Apelaciones que, mediante una sentencia bien
fundamentada, confirmó al tribunal de instancia por en-
tender que el Art. 207(2) del Código Político, *supra*, esta-
blece de forma categórica que el término de quince días
comenzará a transcurrir desde que la renuncia es
presentada. Por esta razón, concluyó que la renuncia del
señor López se había vuelto irrevocable el 21 de diciembre
de 2002 y que el retiro de ésta, por medio de una comuni-
cación el 10 de enero de 2003, fue tardío y, por lo tanto,
inválido.

Oportunamente, el señor López acudió ante nos y señaló
que erró el Tribunal de Circuito de Apelaciones al resolver
que éste no podía retirar su renuncia por medio de una
comunicación cursada en una fecha anterior a la fecha en
que la renuncia era efectiva y que el término de quince
días otorgado por el Art. 207(2) del Código Político, *supra*,
para retirar la renuncia, comenzó a contar a partir del 6 de
diciembre de 2002. Señala, además, que incidió el Tribunal
Apelativo al resolver que la notificación al Presidente de la
Cámara por conducto de la Secretaría del Cuerpo no es un
requisito de cumplimiento estricto cuya omisión invalide la
renuncia presentada.

Simultáneamente, el señor López solicitó que, mientras
se consideraba el recurso, se ordenara la paralización de
las primarias anunciadas para el próximo 27 de abril de
2003 y que se celebrara una vista oral. Oportunamente,
denegamos su moción en auxilio de jurisdicción y su solici-
tud de vista oral. Por la importancia de la controversia del
recurso presentado se prescinden de los términos corres-
pondientes y, según la Regla 50 del Reglamento del Tribu-
nal Supremo, 4 L.P.R.A. Ap. XXI–A, se confirma la senten-
cia recurrida sin procedimientos ulteriores.

## II

█  En síntesis, la controversia versa sobre la interpretación de la letra del Art. 207(2) del Código Político, *supra*. El texto del artículo en controversia dice como sigue:

> Las renuncias de empleos y cargos deberán hacerse por escrito del modo siguiente:
>
> .    .    .    .    .    .    .    .
>
> (2) Las hechas por los miembros de la Cámara de Representantes y del Senado de Puerto Rico, esté o no en sesión la Asamblea Legislativa se dirigirán al Presidente del Cuerpo Legislativo a que pertenezca el legislador renunciante por conducto de la Secretaría. El cargo quedará vacante: (1) cuando transcurran quince (15) días desde la presentación de la renuncia sin que ésta haya sido retirada, o (2) dentro de dichos quince (15) días, tan pronto el Presidente del cuerpo legislativo correspondiente reciba del organismo directivo central del partido con derecho a hacerla, la recomendación para el nombramiento del sustituto o de un sustituto interino.

Este artículo tuvo su génesis en 1902, pero fue enmendado mediante la Ley Núm. 73 de 20 de junio de 1956. Uno de los propósitos principales de dicha enmienda, además de reflejar la bicameralidad de nuestro sistema, fue conceder al Poder Legislativo el control sobre las renuncias de los legisladores.[1] El historial legislativo de dicha enmienda, según lo reproduce el Diario de Sesiones de la Cámara de Representantes, revela un extenso debate sobre el alcance del cambio propuesto, particularmente en lo que respecta a la controversia del caso de autos sobre la fecha de efectividad de una renuncia. Mientras que algunos entendían que la renuncia debía ser efectiva al momento de

---

[1] Véase 3 Diario de Sesiones de la Asamblea Legislativa 1003 (1956).

310

su presentación,(²) otros creían que había que ofrecerle un término al legislador renunciante para arrepentirse y retirarla.

■ Con estos propósitos se presentó una enmienda al proyecto discutido, en la cual se le añadió un término de quince días para que el legislador pudiese retirar la renuncia presentada, a menos que el Partido al que perteneciese el renunciante hubiese presentado su recomendación para el sustituto.(³) De esta forma se le brindaba al legislador renunciante un tiempo para retirar la renuncia y evitar que ésta fuese producto de una decisión sin ponderación adecuada.(⁴) Claramente se desprende del historial legislativo que, transcurridos los quince días desde la presentación de la renuncia, se produciría la vacante a menos que dentro de ese término el organismo directivo central del partido con derecho al escaño sometiera una recomendación de un sustituto:

> Sr. Alvarado: La enmienda tiene el siguiente alcance: Cuando un Legislador presenta su renuncia, debe hacerlo entregándola en la Secretaría del Cuerpo correspondiente. Y la renuncia tiene que ir dirigida, desde luego, al Presidente de la Cámara correspondiente. Transcurridos quince días desde que la renuncia se le entrega al Secretario y el Legislador la mantiene, si no la ha retirado, se produce la vacante. Ahora, también se produce la vacante en los casos en los que no haya que celebrar una elección sino que el nombramiento del sustituto debe hacerse por recomendación del Partido a que pertenecía el renunciante. En este caso se produce la vacante tan pronto como el Partido a que pertenecía el renunciante presente su recomendación al Presidente de la Cámara correspondiente para el nombramiento del sustituto. Este sistema le da intervención a los Partidos para no sentirse perjudicados con la espera forzosa de quince días. Puede ser que un Partido tenga necesidad de la presencia de un Legislador en sustitución del

---

(²) Véanse las expresiones del representante Ramírez Irizarry en Diario de Sesiones, *supra*, pág. 1002, y las expresiones del representante Archilla Laugier en Diario de Sesiones, *supra*, pág. 1006.

(³) Véase Diario de Sesiones, *supra*, págs. 1034 y 1036.

(⁴) Véase expresiones del Representante Ramírez Irizarry en Diario de Sesiones, *supra*, pág. 1007.

que renuncia y sería fuerte obligarlo a esperar quince días. De manera que se le da esa intervención a los Partidos. Por otro lado, siempre hay un término de quince días dentro de los cuales el Legislador puede retirar su renuncia, a menos que el Partido haya presentado su recomendación para el nombramiento del sustituto.

Entendemos que con este sistema los derechos de los Partidos están garantizados. Se determina con claridad cuándo es que surge la vacante a los efectos del trámite de una nueva elección o de lo que proceda y creo que ésto [sic] protege los derechos de todos los Partidos y de los interesados en caso de renuncia.

Sr. Presidente: La presidencia tiene una pregunta al compañero Alvarado. ¿A este término de quince días también se le aplica la disposición de que si se vence en día feriado se extenderá hasta el próximo día laborable, o el término de quince días es independientemente del tiempo en que, digo, quince días exactos independientemente del día en que sea el último?

Sr. Alvarado: Yo no recuerdo ahora la disposición específica del Código Político, pero esto debiera ser fatal, debieran ser quince días fatales y yo creo que debería ir al récord que ésa es la intención legislativa al proponerse esta enmienda. Que sea un término fatal de quince días.

Sr. Presidente: ¿No importa cuando se ... ?

Sr. Alvarado: No importa en qué día termine.(5)

■ Por otro lado, la discusión sobre esta medida refleja la intención legislativa en torno a la fatalidad del término de quince días. La intención legislativa fue que el término de quince días fuera fatal, o sea, que aun si el último día del término fuese un día feriado, vencería ese día y no se extendería al próximo día laborable.(6)

## III

El señor López sostiene que el Art. 207(2) del Código Político, *supra*, le permite a un legislador retirar su renuncia siempre que lo haga dentro de los quince días después

---

(5) Diario de Sesiones, *supra*, pág 1034.

(6) Diario de Sesiones, *supra*, pág. 1034. Véase, además, las expresiones del representante Méndez Mejía en Diario de Sesiones, *supra*, pág. 1035.

de ésta haber sido presentada, y siempre y cuando el Presidente del cuerpo legislativo correspondiente, en este caso la Cámara de Representantes, no reciba del partido al cual pertenece el legislador, una recomendación para el nombramiento de un sustituto. Sin embargo, entiende que su renuncia se debe entender como "presentada" en la fecha en que era efectiva, a saber, el 15 de enero de 2003.

██    Sabido es que las palabras de una ley deben ser entendidas según su significado más corriente y su uso común. Art. 15 del Código Civil, 31 L.P.R.A. sec. 15. La interpretación que pretende el señor López, en la cual hace equivalente el vocablo "presentar" al momento de efectividad de la renuncia, es irrazonable. Dicha interpretación no se desprende de la letra del Art. 207(2) del Código Político, *supra*, ni tampoco de la intención legislativa reflejada en los debates legislativos en torno a la aprobación de la enmienda de dicho artículo. El Art. 207(2) establece que dicho término de quince días comienza a transcurrir desde que la renuncia es *presentada* al Presidente del cuerpo legislativo correspondiente. No surge que dicho término comience desde la fecha que el legislador renunciante, unilateralmente, disponga como la fecha de efectividad.

Por otro lado, el Art. 207(2) no admite la renuncia con carácter prospectivo. Por ende, la fecha de efectividad fijada unilateralmente por el legislador no fue oficiosa.

En el caso de autos, la renuncia fue presentada el 6 de diciembre de 2002. El señor López tuvo un término fatal de quince días —el cual concluyó el 21 de diciembre de 2002— para retirarla. En vista de que no lo hizo, el puesto quedó vacante desde ese momento, según lo dispuesto por el Art. 207(2) del Código Político, *supra*.

Por otro lado, el señor López sostiene que el acto mediante el cual éste notificó su renuncia el 6 de diciembre de 2002, es nulo porque no se hizo conforme a los procedimientos exigidos por el Art. 207(2) del Código Político. En

lugar de notificarse al Presidente por conducto de la Secretaría, se hizo mediante comunicación directa dirigida a la Oficina del Presidente en contravención con el procedimiento exigido. No le asiste la razón. Se desprende del historial legislativo que el propósito de presentar la carta de renuncia vía la Secretaría era para establecer un procedimiento que asegurara que el cuerpo legislativo adviniera en conocimiento de la renuncia tan pronto ésta fuese presentada. Aunque en el caso de autos la carta fue enviada al Presidente del cuerpo directamente, ese mismo día, según acepta el propio peticionario y se desprende del Diario de Sesiones del 6 de diciembre de 2002, además del Secretario, fueron notificados todos los miembros del cuerpo legislativo cuando el Presidente de la Cámara, en la sesión ordinaria, leyó en voz alta la carta del señor López en la que notificó su "decisión irrevocable de renunciar". Al considerar las circunstancias particulares del caso de autos, el no haber presentado la renuncia al Presidente vía la Secretaría de la Cámara de Representantes no tiene el efecto de invalidarla.

Por las razones esbozadas, resolvemos que el término de quince días que establece el Art. 207(2) del Código Político, *supra*, para retirar la renuncia a un escaño legislativo es fatal y que éste comienza a transcurrir al momento de su presentación. En el caso de autos, la renuncia fue presentada el 6 de diciembre de 2002 y, consecuentemente, dicho término venció el 21 de diciembre de 2002.

En vista de lo dispuesto anteriormente, *se expide el auto de "certiorari" y se dicta sentencia mediante la cual se confirma el dictamen del Tribunal de Circuito de Apelaciones.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez reitera los criterios expresados en la Resolución de 17 de abril de 2003 y hubiese denegado el recurso. El Juez Asociado Señor Corrada Del Río se inhibió.